IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Steven Nicholas Lambert,<br><br>Plaintiff,<br><br>v.<br><br>Brian Malloney, *13th Judicial Circuit Solicitor*,<br><br>Defendant. | ) | Case No. 6:26-cv-02299-DCC<br><br><br><br>**ORDER** |

This matter is before the Court on Plaintiff's complaint alleging violations of his civil rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On June 16, 2026, the Magistrate Judge issued a Report recommending that this action be dismissed with prejudice and without issuance and service of process. ECF No. 9. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections. ECF No. 11.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

The Magistrate Judge recommends summary dismissal of this action because Defendant is entitled to prosecutorial immunity. ECF No. 9. Because Plaintiff filed objections, the Court's review has been de novo.

As an initial matter, Plaintiff's document filed at ECF No. 11 is labeled as "Response to R & R dated 6/16/26 (Amend Complaint)." To the extent this document should be liberally construed as a amended complaint, the Court finds that it is subject to summary dismissal as discussed below and for the same reasons that Plaintiff's initial complaint is subject to summary dismissal. Accordingly, the Court will refer to this document as objections and will refer to the complaint as the operative document; however, even as an amended complaint, the Court finds dismissal is appropriate.

As to Plaintiff's claims for monetary damages, Defendant is entitled to prosecutorial immunity. *Tyler v. Bogle*, No. 4:19-cv-2318-MGL-BM, 2019 WL 13075484, at *4 (D.S.C.

Oct. 8, 2019), *report adopted*, 2021 WL 4145824 (D.S.C. Sept. 13, 2021) ("[P]rosecutors have absolute immunity from damages for activities performed as 'an officer of the court' where the conduct at issue was closely associated with the judicial phase of the criminal process.") (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 341–343 (2009)).

As to Plaintiff's request for declaratory relief, abstention pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), is appropriate where, as here, Plaintiff requests that this Court interfere in his state proceedings. *See Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (noting that a federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances); *Mazyck v. Nelson*, No. 2:23-cv-04239-SAL, 2024 WL 3355073, at *2 (D.S.C. July 10, 2024) ("Plaintiff's claims seeking injunctive relief are precluded based on the abstention doctrine established in *Younger*."). Under *Younger*, a federal court should abstain from interfering with an issue currently proceeding in state court if certain criteria are met—"(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994). Here, Plaintiff's case clearly meets these criteria as he is subject to ongoing state judicial proceedings, those proceedings implicate important state interests, and he has an opportunity to raise his federal claims in those proceedings. As such, the Court should abstain from deciding Plaintiff's claims under *Younger* and this case is therefore subject to dismissal.

## CONCLUSION

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court adopts the recommendation of the Magistrate Judge. This action is **DISMISSED** without further leave to amend and without issuance and service of process.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

November 4, 2026
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.